IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA MILES OGIER, Trustee for Clear Choice USA, LLC., <br><br> **Plaintiff,** <br><br> v. <br><br> DENNIS JOHNSON, et al., <br><br> **Defendants.** | 1:13-cv-01490-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Withdraw Reference to the Bankruptcy Court filed by Plaintiff Tamara Miles Ogier, as Trustee for Clear Choice USA, LLC ("Trustee").

**I.     BACKGROUND**

   A.     Procedural History

On August 11, 2012, the Trustee brought an adversary complaint against Defendants Dennis Johnson ("Johnson"), Tom Brittelle ("Brittelle"), Phil Glennon and Brian Jones ("Jones") in the United States Bankruptcy Court for the Northern District of Georgia.  Johnson was the founder and Chief Executive Officer of Clear

Choice USA, LLC ("Clear Choice").[1]  Defendants Brittelle, Glennon and Jones served as outside directors of Clear Choice.[2]  The Complaint seeks to avoid certain prepetition funds disbursed to Defendant Brittelle by Clear Choice as fraudulent and preferential transfers under 11 U.S.C. §§ 547-548 and 550.  The Complaint also seeks to recover under state law, on loans that Clear Choice had made to Johnson.  The Trustee acknowledges that a bankruptcy judge may enter a final order in a "core" proceeding under the bankruptcy code, and that this adversary action was a "core" proceeding under 28 U.S.C. § 157(b)(2)(F), which includes "proceedings to determine, avoid or recover preferences."  (Compl. at 4.)  The Trustee's Complaint, however, added the following caveat:

> "Despite the clarity of the statute, however, we are unsure that this court has authority to issue a final judgment in this case absent the parties' consent, because two cases cast doubt on the constitutionality of that statute as applied here. Granfinanciera, S.A. v. Nordberg (In re Chase & Sanborn Corp.), 492 U.S. 33 (1989), held that the core proceeding designation for fraudulent transfers, 28 U.S.C. § 157(b)(2)(H) (1982 ed.) unconstitutionally deprived a defendant who had not filed a claim of its 7th amendment right to a trial by jury. Stern

---

[1] In May 2009, Clear Choice became insolvent.  On November 19, 2010, the Trustee was appointed to represent the estate, and she remained Clear Choice's Trustee by operation of law when no election was held at the creditors' first meeting.

[2] In December 2012, the Trustee settled with Defendants Glennon and Jones.

2

>> v. Marshall,__U.S.__, 2011 U.S. Lexis 4791 (June 23,
> 2011), held that bankruptcy courts have no authority to
> enter a 'final judgment on a state law counterclaim that is
> not resolved in the process of ruling on a creditor's proof
> of claim.' (last paragraph of majority opinion)."

Id.

On September 10, 2012, Defendant Brittelle filed an "Answer and Motion to Dismiss" the Trustee's Complaint and raised several affirmative defenses, including that the Complaint should be dismissed for "lack of jurisdiction" because Brittelle had not filed a proof of claim against the estate. (Brittelle's Answer at 3.) On the same day, Defendant Johnson filed his Answer to the Complaint, and asserted that the Bankruptcy Court "lacked jurisdiction" over his person and property. (Johnson's Answer at 2).

On April 12, 2013, the Trustee moved to withdraw the reference to the Bankruptcy Court, and copied and pasted in her Motion to Withdraw Reference the paragraph from the Complaint regarding Granfinanciera and Stern that is quoted above. (Trustee's Mot. at 2-3.) On April 15, 2013, the Defendants responded to the Trustee's Motion to Withdraw Reference. In their Response, the Defendants did not oppose the Trustee's Motion, but they reserved the right to collect attorneys' fees and expenses under Rule 9011 of the Federal Rules of Bankruptcy Procedure and Rule 11 of the Federal Rules of Civil Procedure "on the grounds

3

that this adversary proceeding should never have been filed in this Court due to a lack of jurisdiction." (Defendants' Resp. to the Trustee's Mot. at 1). On May 20, 2013, Defendant Brittelle filed his "First Amended Answer and Motion to Dismiss" the Complaint with this Court.

The parties have continued to litigate this matter in the parallel proceedings before the Bankruptcy Court, and the Defendants' Motion for Summary Judgment and Motion for Judgment on the Pleadings is currently pending before the Bankruptcy Court.

Defendants Brittelle and Johnson have not filed a proof of claim in this case.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to 28 U.S.C. § 157(d), a district court has authority to withdraw the reference to a bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d); accord Fed. R. Bankr. P. 5011(a).

Section 157(d) contains conditions for both mandatory and permissive withdrawal. To establish that withdrawal is mandatory, the movant must show "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[3] Id.; see also Parklane, 927 F.2d at 535 n.4. The moving party bears the burden of showing the reference must be withdrawn. In re Vicars Ins. Agency, Inc., 96 F.3d 949, 953 (7th Cir. 1996).

The Court also has discretion to withdraw reference to the bankruptcy court "for cause shown." Parklane, 927 F.2d at 536. "The law of this circuit states that: 'Once a bankruptcy court has assumed jurisdiction . . . a district court may withdraw reference only "for cause shown."'" In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000) (quoting Parklane, 927 F.2d at 536). "Cause" is not defined in the statute, but it is not an empty requirement. Parklane, 927 F.2d at 536. While the Eleventh Circuit has not explicitly stated the criteria for a "for cause" withdrawal, it has favorably cited factors utilized in other circuits: whether withdrawal of the

---

[3] In other words, mandatory withdrawal is required when the matter involves "substantial and material consideration of federal statutes outside the Bankruptcy code." In re Wi-Sky Inflight, Inc., 483 B.R. 788, 792 (N.D. Ga. 2012). This matter does not require mandatory withdrawal because the Court does not need to consider any federal statute outside the Bankruptcy Code. The Trustee thus needs to show cause to have the reference withdrawn.

reference to a bankruptcy court would advance uniformity in bankruptcy administration, decrease forum shopping and confusion, promote the economical use of the parties' resources, and facilitate the bankruptcy process. Parklane, 927 F.2d at 536 n.5; Simmons, 200 F.3d at 742. The decision to withdraw the reference is committed to the sound discretion of the district judge. 28 U.S.C. § 157(d). "If one or more of these factors is present, the court may find that cause exists to withdraw the matter." United States v. Kaplan, 146 B.R. 500, 504 (D. Mass. 1992) (citing Parklane, 927 F.2d at 536). "Other courts utilize these factors as well as other considerations such as: (1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay. In re TPI Int'l Airways, 222 B.R. 663, 668 (S.D. Ga. 1998) (collecting cases).

    B.    Background

        1.    Constitutional Authority of the Bankruptcy Court

The Trustee and the Defendants conflate subject matter jurisdiction over this matter with whether the Bankruptcy Court has the authority to enter a final order without running afoul of Article III of the United States Constitution. In re Tyler II, 493 B.R. 905, 912 (Bankr. N.D. Ga. 2013). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising

in or related to cases under title 11." 28 U.S.C. §1334(b). Section 157(a) of the Judiciary and Judicial Procedure Code allows district courts to refer cases arising under the Bankruptcy Code, or arising in a bankruptcy proceeding, or related to a bankruptcy proceeding, to a bankruptcy judge within the District. 28 U.S.C. §157(a); see also N.D. Ga. R. 83.7A.

Proceedings "arising under title 11" concern "matters invoking a substantive right created by the Bankruptcy Code." In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999). For example, the Trustee's action to avoid allegedly fraudulent and preferential transfers to the Defendants in this matter invoke substantive rights under §§ 547 and 548 of the Bankruptcy Code. Id. at 1348. The Trustee's state law claim to recover on loans made to Defendant Johnson is, at the minimum, "related to [a] case[] under title 11" because the state law claim "could conceivably have an effect on the estate being administered in bankruptcy." In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984)). A damage award on the Trustee's state law claim against Defendant Johnson would provide assets available to Clear Choice's creditors. Celotex Corp. v. Edwards, 514 U.S. 300, 307 n. 5, (1995) (observing that "related to" jurisdiction includes causes of action that could become the property of the estate). The Bankruptcy Court thus has subject matter jurisdiction

7

to hear all of the Trustee's claims.  Whether the bankruptcy court also has the constitutional authority to enter a final order regarding the Trustee's claims in this matter is a separate issue.

In Granfinanciera, S.A. v. Nordberg, the Supreme Court held that a non-creditor who has not filed a proof of claim against the bankruptcy estate has a right to a jury trial in an action by the trustee to recover an allegedly fraudulent transfer under the Bankruptcy Code because the "fraudulent conveyance action against [the defendant] was more accurately characterized as a private right rather than a public right as we have used those terms in our Article III decisions."  492 U.S. 33, 55 (1989).

In Stern v. Marshall, the Supreme Court determined that § 157(b)(2)(C), which includes "counterclaims by the estate against persons filing claims against the estate" as "core" proceedings, was unconstitutionally broad to the extent it allowed "a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."  131 S. Ct. at 2622.  The majority in Stern relied, in part, on the Supreme Court's public rights analysis in Granfinanciera to conclude that the state law counterclaim brought by the estate " . . . like the fraudulent conveyance claim at issue in *Granfinanciera*—does not fall within any of the varied formulations of the public rights exception in this Court's cases."  Id. at

2614.

In the wake of Stern, there is now a split of authority regarding a bankruptcy court's power to enter a final judgment in a matter where a party has not filed a proof of claim against the bankruptcy estate. Some lower courts have interpreted Stern's reliance on the "public rights" analysis in Granfinanciera as evidence that bankruptcy courts may not enter final orders on a fraudulent transfer claim where a party has not filed a proof of claim against the estate because such claims involve only private rights. In re Bellingham Ins. Agency Inc., 702 F.3d 553, 562-66 (9th Cir. 2012), cert. granted sub nom. Executive Benefits Ins. Agency v. Arkison, 133 S. Ct. 2880 (2013).

While the Eleventh Circuit has not addressed the issues raised here, the Court has stated, in an unrelated case, that the majority opinion in Stern "made clear that it did not intend its decision to have broad implications." In re Sundale, Ltd., 499 Fed App'x 887, 891 (11th Cir. 2012) (per curiam). Several district courts in this Circuit have also emphasized the limited nature of the Supreme Court's holding in Stern. See In re Palm Beach Fin. Partners, L.P., No. 13-80102-CIV, 2013 WL 2036161, at *3 (S.D. Fla. May 14, 2013) (interpreting Stern's holding as narrow to conclude that the Supreme Court did not intend to limit the authority of the bankruptcy courts to enter final judgments in matters other than the

9

counterclaims involved in Stern).

The courts that have taken a narrow view of Stern have ruled that a bankruptcy court has the constitutional power to enter a final order in fraudulent conveyance and preferential transfer cases, even if the defendant has not filed a proof of claim. See In re Appalachian Fuels, LLC, 472 B.R. 731, 740-44 (E.D. Ky. 2012) (finding that the plaintiff's fraudulent conveyance and preference claims against Defendants, who had not filed proofs of claim, can be constitutionally adjudicated in a bankruptcy court because Granfinanciera was explicitly limited to the issue of a right to a jury trial under the Seventh Amendment, and because the plaintiff's claims derived from the Bankruptcy Code unlike the state law counterclaims in Stern).

It is against this background that the Court first considers whether to address the merits of the Trustee's Motion to Withdraw the Reference to the Bankruptcy Court.

### 2.    Local Rules Of The Court

Local Rule 7.1(A)(1) regarding the filing of motions in this Court provides that:

> Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority.  If allegations of fact are relied

>> upon, supporting affidavits must be attached to the memorandum of law.

N.D. Ga. R. 7.1(A)(1); see also Fed. R. Civ. P. 7(b) (requiring motions to state with particularity the grounds for seeking an order).

The Trustee's Motion to Withdraw Reference to the Bankruptcy Court is not accompanied by a supporting memorandum of law. It contains one cryptic paragraph, taken verbatim from its Complaint filed in the bankruptcy proceedings below, that cites to two Supreme Court opinions without explaining their holdings or reasoning. The Court accepts as true that the Trustee is "unsure" whether the Bankruptcy Court has the authority to enter a final order in this matter, but that is insufficient to withdraw the reference to the Bankruptcy Court. Motions filed in this Court are required to state the grounds for seeking relief with particularity. In the absence of particularity, the Court does not provide legal advice to the parties. Particularity is especially important in a matter such as the one here.

The Trustee's Motion also does not provide any supporting authority that endorses a broad interpretation of Stern, and the Trustee does not explain why the Court should interpret Stern broadly when the Eleventh Circuit has stated that Stern was not intended to "have broad implications." In re Sundale, Ltd., 499 Fed. App'x at 891. The Trustee's Motion fails to apply any of the factors identified by the Eleventh Circuit in Parklane and Simmons for a "for cause" withdrawal. See

11

In re Wi-Sky Inflights Inc., 483 B.R. at 792 (finding that the question of whether the bankruptcy court has constitutional authority to enter a final judgment is "implicitly tied up" with whether withdrawal will promote the economical use of the parties' resources).

The Defendants' Response to the Trustee's Motion to Withdraw Reference is equally deficient. The Defendants baldy assert that the Bankruptcy Court "lacks jurisdiction," but they do not provide any analysis or authority to support their claims. The Defendants' claim that the Bankruptcy Court lacks subject matter jurisdiction is shallow at best.

Accordingly, the Trustee's Motion to Withdraw Reference to the Bankruptcy Court is required to be denied for failure to comply with Local Rule 7.1(A)(1). See N.D. Ga. R. 7.1(F) (the Court, "in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules."); see also Hill v. Bank of America, N.A., No. 1: 06-cv-00804-GET, 2007 WL 1589567, at *3 (N.D. Ga. June 1, 2007) (denying plaintiff's motion for summary judgment because the plaintiff failed to file a memorandum of law, and failed to provide the court with any citations to evidence); Ferrell v. Busbee, 91 F.R.D. 225, 230 (N.D. Ga. 1981) (denying plaintiff's motion to amend the complaint because the motion to amend was not accompanied by a memorandum

of law that cited supporting authorities or affidavits in support of the motion).

### 3. Withdrawal of the Reference Is Not Required

Withdrawal of the reference is not required at this stage of the proceedings even if the Court were to address the merits of the Trustee's Motion, and conclude that the Bankruptcy Court does not have the constitutional authority to enter a final order in this matter.

Section 157(c)(1) allows a bankruptcy court to submit proposed findings of fact and conclusions of law to the district court in a non-core proceeding, and the proposed findings of fact and conclusions of law are reviewed *de novo* by the district court.  § 157(c)(1).  In the wake of Stern, a majority of courts have concluded that Section 157(c)(1) also allows a bankruptcy court to submit proposed findings of fact and conclusions of law even if it does not have the constitutional authority to enter a final judgment on a core claim.  See e.g., In re Palm Beach Fin. Partners, L.P., 2013 WL 2036161, at *3 (observing that even those courts that have held that a bankruptcy court cannot enter a final judgment on a fraudulent conveyance claim in the wake of Stern allow the bankruptcy court to hear the claim and submit reports and recommendations to the district court); Kirschner v. Agoglia, 476 B.R. 75, 81-82 (S.D.N.Y. 2012) (agreeing with the majority of courts that a bankruptcy judge retains the authority to issue a report and

recommendation on core claims that can only be adjudicated in an Article III court).

Here, the Bankruptcy Court should determine whether it has the constitutional authority to enter a final order in this matter provided that the moving party submits a motion that complies with Rule 7.1(A)(1). If the Bankruptcy Court finds that it has the constitutional authority to issue a final order, the Court will review the finding *de novo*. See In re Williford, 222 Fed. App'x 843, 844 (11th Cir. 2007) (holding that even though the bankruptcy court erred in rendering a final judgment, the district court reviewed the final judgment *de novo*, and "we treat the bankruptcy court's memorandum decision as a report and recommendation, and the district court's order affirming the bankruptcy court as the final order adopting the bankruptcy court's report and recommendation.")

To the extent that the Court determines that the Bankruptcy Court lacked constitutional authority to enter a final judgment, the Court will treat the bankruptcy court's final judgment as proposed findings of fact and conclusions of law under Section 157(c)(1). Id. If the bankruptcy court concludes that it does not have the authority to enter a final judgment on the Trustee's claims, it may submit proposed findings of fact and conclusions of law to this Court, which will review them *de novo*. See also In re Palm Beach Fin. Partners, L.P., 2013 WL 2036161, at

*4 (denying the defendant's motion to withdraw reference and remanding to the bankruptcy court to determine whether it had the constitutional authority to enter a final order, subject to de novo review).

The Court's refusal to withdraw the reference at this time is not altered by the fact that the Defendants may be entitled to a jury trial under Granfinanciera. "'A court may wait until the case is ready to go to trial before withdrawing the reference' because '[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues . . . is consistent with Congress's intent to let bankruptcy judges determine bankruptcy matters to the greatest extent possible.'" Id. at *3 (quoting In re Dreis, No. 94 C 4281, 1995 WL 41416, at *3 (N.D. Ill. Jan. 31, 1995). Withdrawing the reference at this stage due to the Defendants' demand for a jury trial is premature because discovery has not commenced and the Trustee has not yet survived the Defendants' Motion for Judgment on the Pleadings.

The fact that the Defendants have moved for summary judgment in the bankruptcy proceeding also counsels against withdrawing the reference at this time. The Ninth Circuit has held that a party's right to a final judgment by an Article III court can be waived by conduct. In re Bellingham Ins. Agency Inc., the Ninth Circuit found that the defendant had impliedly consented to the bankruptcy

court's authority to enter a final order because the defendant "petitioned the district court to stay its consideration of the motion to withdraw the reference to give the bankruptcy court time to adjudicate the Trustee's motion for summary judgment." 702 F.3d at 568.  But cf. Wellness Int'l Network Ltd. v. Sharif, 727 F.3d 751, 767-772 (7th Cir. 2013) (agreeing with the Sixth Circuit that a constitutional objection to the bankruptcy court's authority cannot be waived by conduct because Stern primarily concerned the "diminution of the judicial branch" rather than the personal rights of the parties).

If the bankruptcy court finds that it lacks the constitutional authority to enter a final judgment, it should propose findings of fact and conclusions of law regarding (1) whether the parties' constitutional objection can be waived; and (2) whether the parties waived their right to final judgment in an Article III court by litigating this matter in the bankruptcy proceeding.[4]

The Court finds that allowing the Bankruptcy Court to evaluate the issues raised in this matter in the first instance serves the interests of efficiency, and uniformity in the administration of bankruptcy law.  Even if the Motion was

---

[4] On June 24, 2013, the Supreme Court granted certiorari In re Bellingham.  Next term, the Supreme Court will decide whether a defendant in a fraudulent transfer action may impliedly waive the right to final adjudication in an Article III court by his conduct in the bankruptcy proceedings.  Executive Benefits Ins. Agency v. Arkison, 133 S. Ct. 2880 (2013).

considered, the Trustee's Motion to Withdraw the Reference would be required to be dismissed.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Trustee's Motion to Withdraw the Reference is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss the Trustee's Complaint is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **Clerk** shall **CLOSE** this case.

**SO ORDERED** this 27th day of December 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE